UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NEW COSMOS SYSTEMS, | : | |
| Plaintiff, | : | Civil Action No. 10-3129 (SRC) |
| v. | : | **OPINION & ORDER** |
| CHICAGO MIDWEST EXPORT CORP. et al., | : | |
| Defendants. | : | |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the motion to vacate a judgment (Docket Entry No. 13), pursuant to Federal Rules of Civil Procedure 55(c) and 60(b), by Defendant Shuming Gu ("Gu.")[1]  For the reasons set forth below, the motion to vacate a judgment will be granted.

On September 29, 2010, this Court granted Plaintiff's motion for entry of default judgment against Gu.  On December 9, 2010, Gu filed the instant motion.

Federal Rule of Civil Procedure 60(b) states:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
   (1) mistake, inadvertence, surprise, or excusable neglect;
   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
   (4) the judgment is void;

---

[1] Gu has included in the title of the motion that it is also a motion to dismiss all causes of action against him.  The brief is otherwise directed exclusively to vacating the judgment against him, and this Court finds no motion to dismiss before it.

  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
  (6) any other reason that justifies relief.

Gu contends that, pursuant to Rule 60(b)(4), the judgment is void because the Court lacks personal jurisdiction over him. Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir. 2008) ("A judgment is void within the meaning of Rule 60(b)(4) if the court that rendered it lacked personal jurisdiction over the defendant.")

  In deciding whether to vacate a default judgment under Rule 60(b), the Court "must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985). The Third Circuit favors a liberal application of the rule allowing a default judgment to be vacated to advance the policy of deciding cases on the merits. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951) ("Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on the merits.")

  As to the first factor, Plaintiff, in opposing the motion, does not claim that it will be prejudiced. As to the second factor, this Court finds that, in arguing that the Court lacks personal jurisdiction over him, Defendant has raised a meritorious defense. In brief, the Complaint alleges a breach of contract related to a commercial purchase by Plaintiff New Cosmos Systems ("NCS"), a New Jersey corporation with a principal place of business in New Jersey, from Defendant Chicago Midwest Export Corp. ("CMEC"), an Illinois corporation with a principal place of business in Chicago, Illinois. The Complaint alleges that Gu is vice president of CMEC.

2

The Complaint does not allege that any of the events which gave rise to the claims against Gu took place in New Jersey. To the contrary, to the extent that the Complaint makes specific allegations as to the location of events, those events took place in Illinois. Based on the Complaint, this Court finds it quite conceivable that it may lack personal jurisdiction over this defendant. After the default judgment is vacated, should Gu make a properly filed motion to dismiss the Complaint for lack of personal jurisdiction, this Court will decide whether this defense succeeds.[2]

As to the third factor, Gu argues that the default was not the result of his culpable conduct. Rather, he asserts that it was the fault of George Ferguson, sole principal of CMEC, his employer, and that Ferguson died on September 29, 2010. This Court finds that the default was sufficiently not the result of Gu's culpable conduct that this factor should weigh in favor of vacating the default judgment.

In conclusion, all three factors weigh in favor of granting the motion to vacate the default judgment entered against Gu. The motion to vacate the default judgment will be granted.

For these reasons,

**IT IS** on this 15th day of March, 2011,

**ORDERED** that Defendant's motion to vacate the entry of default judgment (Docket Entry No. 13), pursuant to Federal Rule of Civil Procedure 55(c), is **GRANTED**; and it is further

**ORDERED** that the Order entering default judgment against Gu, filed September 29,

---

[2] The Court cautions Gu that, if he wishes to proceed in this matter *pro se*, he must truly proceed *pro se*. The moving brief submitted by Gu indicates that it was drafted by Illinois attorney Peter Qiu. Any attorney not admitted to the bar in New Jersey may not practice law in this Court without having obtained *pro hac vice* admission.

2010, is hereby **VACATED** only as to Defendant Gu; and it is further

**ORDERED** that the entry of default judgment against Shuming Gu is hereby **VACATED**.

                                                 s/ Stanley R. Chesler
                                                Stanley R. Chesler, U.S.D.J.